United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Tashnie Haughton, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-22631-Civ-Scola |
| | ) |
| Walmart, Inc., Defendant. | ) |

**<u>Order Denying Defendant's Motion for Summary Judgment</u>**

This matter is before the Court on the Defendant Walmart, Inc.'s motion for summary judgment. (Mot., ECF No. 30.) The Plaintiff filed a response (Resp., ECF No. 32), and the Defendant replied. (Reply, ECF No. 34.) After careful consideration of the parties' briefings, the record, and the relevant legal authorities, the Court **denies** the Defendant's motion. (**ECF No. 30**.)

1. **Background**

On October 29, 2022, the Plaintiff Tashnie Haughton was shopping in a Walmart store in Florida City, Florida when she slipped and fell on a liquid substance on the floor. (Compl., ECF No. 1-6.) Haughton sustained injuries from the fall. (*Id.*) She sued Walmart in state court, bringing one claim for negligence. (*Id.*) Walmart removed the case to this Court based on diversity jurisdiction. (Not. of Removal, ECF No. 1.) Now, Walmart moves for summary judgment, asserting the Plaintiff has not presented evidence that Walmart had actual or constructive notice of the dangerous condition—the liquid on the floor. (ECF No. 30.)

2. **Legal Standard**

Under Federal Rule of Civil Procedure 56, "summary judgment is appropriate where there 'is no genuine issue as to any material fact' and the moving party is 'entitled to a judgment as a matter of law.'" *Alabama v. North Carolina*, 560 U.S. 330, 344 (2010) (quoting Fed. R. Civ. P. 56). "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial . . . [o]nly when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Rule 56(c) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions,

answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1984) (stating "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts").

The Court must view the evidence in the light most favorable to the nonmoving party, and summary judgment is inappropriate where a genuine issue material fact remains. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir.2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. A court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied. *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007). "If more than one inference could be construed from the facts by a reasonable fact finder, and that inference introduces a genuine issue of material fact, then the district court should not grant summary judgment." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 996 (11th Cir. 1990).

### 3. Analysis

Walmart asserts there are no genuine issues of material fact because the Plaintiff has failed to produce any evidence that Walmart had actual or constructive notice of the dangerous condition. (Mot., ECF No. 30.) To maintain a negligence action under Florida law, a plaintiff must allege, "'(1) a legal duty on the defendant to protect the plaintiff from particular injuries; (2) the defendant's breach of that duty; (3) the plaintiff's injury being actually and proximately caused by the breach; and (4) the plaintiff suffering actual harm from the injury.'" *Marshon v. Fresh Market, Inc.*, No. 16-81609-Civ, 2017 WL 78797, at *4 (S.D. Fla. Jan. 6, 2017) (Middlebrooks, J.) (quoting *Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir. 2008)). In Florida, a business owner owes two duties to a business invitee: "(1) to take ordinary and reasonable care to keep its premises reasonably safe; and (2) to warn of perils that were known or should have been known to the owner and of which the invitee could not discover." *Glasco v. Pembroke Lakes Mall, LLC*, 18-60551-Civ, 2019 WL

1112277, at * (S.D. Fla. Jan 15, 2019) (Valle, Mag. J.), *report and recommendation adopted*, 2019 WL 1115867 (S.D. Fla. Feb. 6, 2019) (Williams, J.). Moreover, in slip and fall matters involving a "transitory substance," Fla. Stat. § 768.0755 applies. Under this statute, an injured person "must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." Fla. Stat. § 768.0755(1).

Actual knowledge of a dangerous condition exists when a business's employee or agent "knows of or creates" the dangerous condition. *Deakins v. Wal-Mart Stores E., LP*, No. 22-10993, 2024 WL 413452, at *2 (11th Cir. Feb. 5, 2024) (citing *Barbour v. Brinker Fla., Inc.*, 801 So. 2d 953, 957 (Fla. 5th Dist. Ct. App. 2001); *Food Fair Stores, Inc. v. Trusell*, 131 So. 2d 730, 732 (Fla. 1961)). The Plaintiff has not presented any evidence that Walmart created the dangerous condition or had actual knowledge of the liquid on the floor *prior to* the Plaintiff's fall. The Plaintiff's husband testified that Walmart manager Laura Castillo told them, after the fall, that the substance on the floor "was in fact dog pee." (Pl.'s Stmt. of Mat. Facts ("SMF") ¶16, ECF No. 33) (citing ECF No. 31-2 at 34:18-24; 42:15-19; 43:15.) Castillo, in contrast, stated that she did not tell the Plaintiff or her husband that the liquid was dog urine, nor did she overhear another employee saying so. (ECF No. 34 at 2) (citing ECF No. 31-5 at 58:24.) Even when viewing the evidence in the light most favorable to the Plaintiff, an employee's identification of a substance after a fall does not equate to the employee's knowledge that there was liquid on the floor prior to the accident.

Constructive knowledge may be proven by circumstantial evidence, such as that the condition exists for a sufficient length of time. Fla. Stat. § 768.0755(1). "When considering whether there is an issue of fact for submission to a jury in transitory foreign substance cases, courts look to the length of time the condition existed before the accident occurred." *Wilson-Greene v. City of Miami*, 208 So. 3d 1271, 1275 (Fla. 3d Dist. Ct. App. 2017). "Florida's courts have found at least fifteen to twenty minutes to be sufficient for defendants to be charged with knowledge of the condition and a reasonable time in which to correct it." *Sutton v. Wal-Mart Stores E., LP*, 64 F.4th 1166, 1169 (11th Cir. 2023*)* (cleaned up) (quoting *Winn Dixie Stores, Inc. v. Williams*, 264 So. 2d 862, 864 (Fla. 3d Dist. Ct. App. 1972)). "Other decisions in Florida have determined that thirteen minutes or less is not enough time." *Id.* (citing *Oliver v. Winn-Dixie Stores, Inc.*, 291 So. 3d 126, 127-30 (Fla. 4th Dist. Ct. App. 2020); *Walker v. Winn-Dixie Stores, Inc.*, 160 So. 3d 909, 912 (Fla. 1st Dist. Ct. App. 2014) (holding "less than four minutes" to be insufficient)). "[I]n the absence of direct evidence, Florida law requires that the plaintiff introduce circumstantial

evidence of 'additional facts' showing that that the substance had been on the ground for an extended period before the slip-and-fall to survive summary judgment." *Id.* While the plaintiff need not prove constructive knowledge at the summary judgment stage, if the defendant shows there are no disputed factual issues about its constructive knowledge the burden shifts to the plaintiff to offer counter-evidence sufficient to reveal a genuine issue. *Struck v. Wal-Mart Stores E., LP,* No. 21-11012, 2021 WL 5052557, at *2 (11th Cir. Nov. 1, 2021).

A factual dispute exists as to whether the substance was on the floor long enough to impute constructive notice. First, the length of time the substance had been on the floor depends on what the substance was. Neither party disputes that the substance on the floor was "dark yellow." (*See* Pl.'s & Def.'s SMF ¶13, ECF Nos. 31, 33.) The Plaintiff's husband testified that Walmart manager Laura Castillo told him shortly after the fall that the liquid was "dog pee" on the floor. (Pl.'s SMF ¶16) (citing ECF No. 31-2 at 34:18-24; 42:15-19; 43:15.) Castillo disputes that she said that. (ECF No. 34 at 2) (citing ECF No. 31-5 at 58:24.) In contrast, Walmart suggests that liquid was urine from one of the Plaintiff's small children—with testimony from Castillo that the "Plaintiff's smallest child had completely wet pants." (Def.'s SMF ¶11, ECF No. 31) (citing ECF No. 31-5 at 46:11.) However, the Plaintiff's husband testified that both children "were potty trained at the time of the incident and the children were wearing pull up diapers." (Pl.'s SMF ¶12.)

The nature of the substance matters because it creates a factual dispute about how long the substance was on the floor. If the liquid was urine from one of the Plaintiff's children, it would not have been on the floor long enough to give Walmart constructive notice of the dangerous condition. However, the Plaintiff disputes that the liquid came from either of her children. Further, the Plaintiff has presented evidence: (1) that the Plaintiff's husband saw "liquid with a bunch of smudges" and "you could tell a bunch of stuff had gone through it" (Pl.'s SMF ¶17) (citing ECF No. 31-2 at 42:20-25; 43:1-3), (2) that Castillo stated after the fall that the liquid "was in fact dog pee" (*Id.* ¶16) (citing ECF No. 31-2 at 34:18-24; 42:15-19; 43:15), (3) that Walmart allows service dogs in its store (*Id.* ¶19) (citing ECF No. 31-5 at 50:12-14), (4) that a dog was seen in the store "on or around 10 minutes prior to the time Haughton fell" (*Id.* ¶20) (citing ECF No. 33-1), and (5) that Walmart employee Elaine Garcia was working only three feet from whether the Plaintiff fell for at least fifteen minutes prior to the accident. (*Id.* ¶21; Def.'s SMF ¶8.) This creates a reasonable inference that the substance existed on the floor long enough to impute constructive notice on Walmart. Had a dog urinated in the aisle, either Garcia would have observed it happening or it would have happened prior to Garcia's arrival in the aisle at least fifteen minutes before the fall. Because a factual

dispute exists about whether Walmart had constructive notice, summary judgment is not appropriate.

### 4. Conclusion

For the reasons stated above, the Court **denies** the Defendant's motion for summary judgment. (**ECF No. 30**.)

**Done and ordered**, in Miami, Florida, on June 27, 2024.

_____
Robert N. Scola, Jr.
United States District Judge